Maximilian Moss, S.
This is a proceeding to construe the will of testatrix who died March 10, 1927. The court is required to determine the person or persons entitled to a fund in the hands of petitioner as administratrix c. t. a. The particular paragraph *894 of testatrix ’ will to be construed reads: '‘ Eighth : Should my sister-in-law geanie luqueer predecease me, I will be entitled to certain moneys from the estate of Mary Suydam. In that event, I give, devise and bequeath such moneys or property, whatever it may be, one-half to my niece ethel a. luqueer, one-quarter to my nephew erederic a. luqueer and one-quarter to my brother-in-law james luqueer. ’ ’
The said Geanie Luqueer was named in the will of Mary Suydam, who died October 6, 1910, as the secondary life beneficiary of a trust created therein with the remainder on the termination of the trust to three persons one of whom was the husband of testatrix. Geanie Luqueer survived both testatrix and the latter’s husband, who predeceased testatrix and made her the sole beneficiary under his will. Geanie Luqueer died September 5, 1955, and the trust under the Suydam will terminated. One half of the remainder became payable to the estate of testatrix’ husband and was received by petitioner for proper disposition. The fund is claimed by petitioner as sole residuary legatee herein on the ground that the gift of the remainder; interest under paragraph “Eighth” was conditioned upon Geanie Luqueer predeceasing testatrix whereas she survived testatrix, and that the' fund therefore passed into the residuary as otherwise undisposed of property. The respondents Ethel K. Luqueer and Frederic A. Luqueer, niece and nephew of testatrix’ husband, claim the fund as legatees named in said paragraph. They contend that the gift to them was unconditional or, at most, subject only to the condition that testatrix (or her estate) would become entitled to the remainder interest bequeathed to her predeceased husband under the will of Mary Suydam, a condition that has materialized.
It is conceded that the death, before testatrix, of Geanie Luqueer had no bearing upon testatrix or her estate becoming entitled to the remainder. That mention of such prior death in paragraph ‘ ‘ Eighth ’ ’ was not intended as a condition appears from her failure to provide for a substitutionary gift in the event Geanie Luqueer survived her. It is not to be assumed that in such event testatrix intended a lapse of the gift, or that failure so to provide was an oversight with a like result. Bather, it seems that testatrix either erroneously believed that she had to survive Geanie Luqueer in order for her or her estate to be entitled to the fund or only mentioned what she conceived was the more probable event that would terminate the trust. In either case the court holds that such prior death referred to in the paragraph under construction was not a condition of the gift; that the only condition intended was the one which *895 occurred, namely, that testatrix or her estate would ‘' be entitled to certain moneys from the estate of Mary Suydam ’ ’ and ‘' in that event ” she gave said remainder interest to the named beneficiaries who were her husband’s kin.
The situation herein is to be distinguished from the one envisaged in paragraph ‘ ‘ Sixth ’ ’ of the will wherein similar language constituting a true condition is relied upon by petitioner in arguing for a like interpretation in paragraph “ Eighth.” In the prior paragraph testatrix devised to Geanie Luqueer five-twelfths of the proceeds of certain Florida acreage, and “in the event that (she) predeceased” testatrix devised such share to these respondents in certain proportions. Obviously there is no question here of a substitutionary gift because of Geanie Luqueer surviving testatrix. Her prior death was the only condition plainly intended. It may therefore also be that the reference to such prior death in paragraph “ Eighth ” was a careless repetition of inapplicable conditional language thereby creating a latent ambiguity, which upon viewing the will as a whole in the light of all the circumstances must be resolved in favor of respondents (Matter of Ferguson, 194 Misc. 840; Matter of Wyler, 202 Misc. 1035; Matter of Hyde, 118 N. Y. S. 2d 243; Matter of Gulbenkian, 59 N. Y. S. 2d 445).
Settle decree on notice.